IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | _____ |
| BRENT SMITH, | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Bank of America, National Association ("Plaintiff" or "BANA"), by and through its attorneys, files this Complaint against Defendant Brent Smith ("Defendant" or "Smith") to recover the balance of an unpaid Promissory Note entered into between Smith and BANA on November 18, 2014, plus interest, and the costs, expenses, and attorneys' fees associated with BANA's collection efforts. In support thereof, BANA states the following:

## THE PARTIES

1. Bank of America, National Association, is a national bank and a direct subsidiary of Bank of America Corporation. Bank of America Corporation is a Delaware corporation with a principal place of business located in Charlotte, North Carolina. U.S. Trust, Bank of America Private Wealth Management ("U.S. Trust"), is a division of BANA. BANA is the Lender on Smith's Promissory Note.

2. Smith, a former Private Client Advisor, worked in U.S. Trust's Washington, D.C., offices, and upon information and belief, Smith is a citizen of and resides in the District of Columbia.

1

**JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as there is complete diversity jurisdiction of citizenship of the parties and the matter in controversy exceeds the sum or value of $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Smith resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**FACTUAL BACKGROUND**

5. U.S. Trust is a wealth management division of BANA. Since its founding in 1853, U.S. Trust has worked with families, business owners and entrepreneurs to preserve wealth and build a plan to meet high net worth and ultra-high net worth clients' objectives. U.S. Trust offers the personalized solutions that come with a boutique private bank while at the same time having access to extensive resources. It has offices throughout the United States, including Washington, D.C.

6. In October 2014, Defendant began employment as a Private Client Advisor. On or about November 18, 2014, Defendant executed a Promissory Note (attached hereto as Exhibit A) with BANA in exchange for a loan of $400,000.00.

7. The Promissory Note provides that, in return for the loan in the amount of $400,000.00, Defendant is required to repay the sum of $28,266.97 each quarter, with interest at the rate of 2.95% per annum. The first quarterly payment was due 60 days following the quarter ending March 2015 and continuing for 15 subsequent quarters.

8. The Promissory Note provides that "all outstanding principal and accrued but unpaid interest on this Note shall become due and immediately payable if (a) the Employee's employment is terminated with the company for any reason." Ex. A at p.2.

9. The Promissory Note also provides that "the Employee shall reimburse the Lender for any and all damages, losses, costs and expenses (including attorneys' fees and court or arbitrator costs) incurred or sustained by the Lender as a result of the breach by the Employee of any of the terms of this Note or in connection with the enforcement of the terms of this Note." Ex. A at p.3.

10. During his employment, Smith failed to make complete payments every quarter on his obligations under the Promissory Note, resulting in an arrears balance.

11. In November 2016, Defendant voluntarily resigned his employment with BANA. Prior to resigning, Defendant was in arrears on the payment of the Promissory Note in the amount of $61,039.16 (the "suspense amount"). In addition to this suspense amount, as of the date of his resignation, Defendant's indebtedness on the principal and interest on the Promissory Note stood at $239,999.98. As a result, Smith owed a total of $301,039.14 under his Promissory Note when he resigned.

12. Since his separation, Defendant has ceased repaying the amount owed under the Promissory Note. Interest continues to accrue at a rate of 2.95%. Therefore, Defendant's total indebtedness to BANA under the Promissory Note has increased and continues to grow.

13. At the time of his departure, BANA declared the Promissory Note due and payable.

14. Despite BANA's demand for payment, Smith has failed and refused to repay the full amount of his outstanding obligations.

## COUNT I
## BREACH OF CONTRACT

15. BANA incorporates paragraphs 1 through 14 of its Complaint as if set forth fully herein.

16. BANA and Smith entered into the Promissory Note attached hereto as Exhibit A.

17. The Promissory Note constitutes a valid and binding contract between the parties.

18. Defendant's failure to repay the amounts owed under his Promissory Note in accordance with its terms constitutes a breach of his obligations under the Promissory Note.

19. By his actions, Defendant has violated the terms of the Promissory Note, and BANA has suffered damages.

## COUNT II
## UNJUST ENRICHMENT

20. BANA incorporates paragraphs 1 through 19 of its Complaint as if set forth fully herein.

21. BANA conferred a significant benefit on Defendant by providing him with an upfront loan in the amount of $400,000.00 in exchange for the execution of his Promissory Note and promise to repay these sums plus interest.

22. If Defendant is permitted to retain this benefit without repayment to BANA, he will be unjustly enriched at the expense of BANA.

23. As an alternative form of relief to the claim alleged above, BANA is entitled to restitution of moneys unjustly retained by Smith, plus interest.

## COUNT III
## ATTORNEY'S FEES AND COSTS

24. BANA incorporates paragraphs 1 through 23 of its Statement of Claim as if set forth fully herein.

25. The Promissory Note provides that Defendant shall pay all costs of collection of the amounts owed, including reasonable attorney's fees incurred in the enforcement of the Promissory Note.

26. Defendant has not paid the amounts due under the Promissory Note, despite demands for payment by BANA. Accordingly, BANA has been forced to initiate this lawsuit against Defendant to recover the amounts due.

27. Thus, BANA is entitled to reimbursement of its collection costs, including reasonable attorney's fees and costs, in an amount to be determined by the Court.

**WHEREFORE,** BANA respectfully requests judgment in its favor in the amount of: (a) $239,999.98 (the outstanding principal amount under the Promissory Note at the time of Defendant's resignation); (b) $61,039.16 (the suspense amount Defendant owed at the time of his resignation); (c) interest in the additional amount of 2.95% through such date as the principal, arrears, and interest are fully paid; (d) attorney's fees and costs associated with BANA's collection efforts on the note, including but not limited to those incurred by BANA in connection with this lawsuit; and (e) any additional relief the Court deems just and appropriate.

Respectfully submitted,

Date: June 30, 2017

/s/*Daniel Z. Herbst*

Daniel Z. Herbst, Esq.  (D.C. Bar No. 501161)
REED SMITH  LLP
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
202-414-9200 (phone)
202-414-9299 (fax)
Email: dherbst@reedsmith.com

- and -

Bert H. Ware, Esq. (admission to be sought)
BRESSLER, AMERY & ROSS, P.C.
17 State Street, 34th Floor
New York, NY 10004
(212) 510-6911 phone
(212) 425-9337 facsimile
Email: bhware@bressler.com

Matthew I. Penfield, Esq. (admission to be sought)
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, Alabama 35203
(205) 719-0400 phone
(205) 719-0500 facsimile
Email: mpenfield@bressler.com

Attorneys for Plaintiff
Bank of America, N.A.